ORA ELLIS, *Petitioner,* v. STATE OF FLORIDA, *Respondent.*

En Banc.

Opinion Filed July 16, 1926.

1. What constitutes a valid or reasonable search or seizure is a question to be determined by the courts upon due consideration of the circumstances and manner in which the search or seizure is made by the officer.

A Writ of Certiorari to the Circuit Court for Pinellas County; Freeman P. Lane, Judge.

Certiorari quashed.

*Thomas Hamilton* and *George L. Brown,* for Petitioner;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—The petitioner was convicted in the County Court of Pinellas County upon the charge of unlawfully transporting intoxicating liquor. He was sentenced to pay a fine of five hundred dollars and serve four months in the county jail. An additional sentence of imprisonment in the county jail for a period of six months was imposed in the event of default in the payment of the fine. A new trial was denied and the defendant took a writ of error from the Circuit Court which affirmed the judgment.

The case comes here on certiorari.

The facts in the case, as the evidence tended to establish, were that E. W. Plucker, a deputy sheriff of Pinellas County, was at Pass-a-Grille on February 28, 1925, and was notified that a "party was off of the beach and was going to bring some liquor back in a Dodge touring car." On his way home, about 3:30 o'clock that afternoon, he met the defendant driving a Dodge touring car, the rear curtains up, going toward Pass-a-Grille. The deputy sheriff followed. When the defendant stopped his automobile near the Casino the deputy sheriff then found the town marshal and deputy sheriff, Mr. Herrod. They both went to the defendant's car and found in it two jugs of moonshine whiskey, several bottles and corks and whiskey labels.

When the two officers arrived at the place where the defendant's automobile was standing near the Casino building the defendant had gone into the building. The deputy sheriff parted the curtains, looked in the automobile, and found the whiskey and other articles.

Counsel for petitioner contend that the evidence was in-

admissible because the deputy sheriff had no warrant for the arrest of the defendant when the car was searched and had no search warrant authorizing him to search the automobile.

The writ is quashed upon authority of the case of Haile v. Gardner, 82 Fla. 355, 91 South. Rep. 376. See also Carrol v. United States, 267 U. S. 132; 69 L. Ed. 543.

Certiorari quashed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.