89 So.2d 867 (1956)
Edward GASKINS, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
October 10, 1956.
*868 Charles C. Corces, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Joseph P. Manners and B. Jay Owen, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant seeks reversal of a judgment of guilty and sentence to eighteen months imprisonment, pursuant to a verdict of the jury convicting him of violation of various phases of the state lottery laws. Seven questions are presented by the brief of appellant but only two of them merit consideration.
The first count of the information reads as follows:
"Paul B. Johnson, County Solicitor for the County of Hillsborough, charges that Edward Gaskins of the County of Hillsborough and State of Florida, on the 15th day of January, 1955, in the County and State aforesaid, did unlawfully aid and assist in the setting up, promoting, or conducting of a lottery for money, commonly known as Bolita and Cuba, a further description of which is to the Solicitor unknown, or was unlawfully interested in and connected with said lottery, a further description of which is to the Solicitor unknown, by then and there unlawfully having in his possession certain records containing and showing the shares and interests in the aforesaid lottery which had been sold by divers persons, the names of such persons being to the Solicitor unknown; and" (Emphasis ours.)
A motion was made to suppress certain evidence on the ground that it was obtained as a result of an unlawful search of appellant's automobile.
The attack on the first count of the information quoted above is based on the contention that it charges in one count commission of both a felony and a misdemeanor condemned by F.S. § 849.09, F.S.A. In a very similar case, Fletcher v. State, Fla. 1953, 65 So.2d 845, 846, we held that a count charging a felony, as did the count in the case before us, and then using explanatory and descriptive language which if independently alleged would constitute a misdemeanor, must be construed as charging a felony and not as containing two separate charges of two separate offenses. In Fletcher v. State, supra, written by the late Mr. Justice Mathews, we held:
"* * * We cannot divide the count into pieces. We must construe the count as a whole. The count also charges that the appellant `was interested in and connected with a lottery for money' and then goes further and alleges what he did by saying `in that he received, collected and transported money and records of the sale of chances on a lottery * * *.' The count was sufficient to charge a felony."
See also Nelson v. State, Fla., 83 So.2d 687.
With reference to the legality of the search, which was attacked by the motion to suppress, the evidence showed that at 7:10 p.m., January 15, 1955, two Tampa police officers, while patrolling their zone, came upon a 1937 Model Dodge pickup truck, parked within a few feet of the unlighted intersection of Memorial Highway and Manhattan Avenue in the City of Tampa; the left wheels of the vehicle were on the pavement; it was located close to a dark intersection; contained no lights and was unattended. Concluding that the vehicle parked under such circumstances constituted a serious traffic hazard, the officers stopped to investigate it. One of them checked the front end while the other checked the license plate. They naturally looked inside the cab of the truck, the windows to which were open, and they located *869 under the seat a number of paper envelopes containing substantial sums of money and pieces of paper which they later identified as "bolita pay slips". Apparently appellant was immediately across the street from the truck but within less than a minute after the investigation started, he walked over to the truck where he was interrogated by one of the officers and although the truck was identified as his, he disclaimed any knowledge of the envelopes and their incriminating contents.
The appellant was taken into custody, at first charged with illegal parking and subsequently charged in the Criminal Court as alleged in the information. The evidence obtained in the search was exhibited at the trial.
Reversal is sought on the contention that the search was illegal, having been made without a search warrant and just before the arrest and that therefore the evidence obtained as the result of the search should not be admitted. We have held numerous times that only unreasonable searches and seizures are condemned by the Constitution. See Joyner v. State, 157 Fla. 874, 27 So.2d 349; Ellis v. State, 92 Fla. 275, 109 So. 622. Where the search itself is reasonable and is conducted within the limits prescribed by the organic law or applicable statutes, then obviously any evidence obtained during the course of such search is admissible at a subsequent trial. It is only when the search is unreasonable or in some measure fails to meet the standard set by the Constitution or statutes that the evidence obtained during the search becomes inadmissible.
We are not here confronted with the stopping of a motor vehicle on the public highways on a pretext of a traffic violation but with an actual preconceived intent to search for contraband. Collins v. State, Fla. 1953, 65 So.2d 61. The instant case is more nearly analogous, although admittedly not identical, to the situation with which this court was confronted in Joyner v. State, 157 Fla. 874, 27 So.2d 349.
In 79 C.J.S., Searches and Seizures, § 69, p. 851, we find the following:
"* * * A search under the seat of an unattended automobile, in a dark alley, after the officer had flashed a light into it and discovered disarrangement of its interior and empty contraband containers, has been held not to constitute an unreasonable search."
To support the text, the author of the last quotation cites Smith v. State, 155 Tenn. 40, 290 S.W. 4, 5, which in many particulars is almost identical with the case at bar. There a police officer came upon an unattended automobile parked in a dark alleyway. He flashed a light into the car, noticed several tin cans and observed that the rear seat cushion was disarranged. He proceeded to examine the containers and then raised the cushion of the rear seat and found nine 1-gallon cans of illicit corn whiskey. The contraband so obtained was admitted into evidence against the accused owner of the car who was not arrested until after the search was completed. The Supreme Court of Tennessee held:
"The discovery of the containers and the disarrangement of the cushion of the rear seat, in connection with the fact that the automobile was parked in a dark alleyway, when it might have been left in the street, under the protection of street lights, were sufficient to create a reasonable belief that the automobile was being used for an unlawful purpose, most probably the transportation of whisky. This belief, reasonably grounded, made it the duty of the policeman to search the automobile, and the search so made was not unreasonable, and therefore was not in violation of the constitutional provision invoked."
In the case before us the original search was perfectly reasonable and justifiable. Appellant's truck was parked at a darkened intersection, in the nighttime, without lights, its left wheels over on the *870 paved road, with its windows open and unattended. The police officers were merely doing their duty when they stopped and investigated a vehicle under such circumstances. When they searched the vehicle, they were performing a duty incident to their responsibilities as police officers. It seems to us that it would be perfectly illogical to hold that under such circumstances in order to make a legal search of the vehicle, the police officers should be required to obtain a search warrant precedent to the search which was necessarily a component part of a complete investigation of the situation.
We therefore hold that the original search was reasonable, under the circumstances there was nothing unlawful about it, and in so holding we find that evidence obtained in the course of the search was legally obtained and therefore properly admissible at the subsequent trial. The trial judge consequently ruled correctly when he denied the motion to suppress the evidence.
Appellant tenders five other questions. We have examined them and find that they present no errors. We might add, with reference to four of these questions, that appellant merely states the question in his brief and then asserts baldly that the trial judge answered the question erroneously. Although we have in this instance examined the contentions offered by the questions, we suggest that it is not the responsibility of this court to brief the arguments for the parties and that under, 31 F.S.A. Supreme Court Rules 36(6) (d) and 36(9) where an assignment of error or a question based thereon is not supported by argument, such questions are considered waived. See Brown v. State, 152 Fla. 853, 13 So.2d 458.
Finding no error, the judgment appealed from is affirmed.
TERRELL, ROBERTS and O'CONNELL, JJ., concur.
DREW, C.J., and THOMAS and HOBSON, JJ., dissent.