91 So.2d 175 (1956)
Trave Lavell BROWN, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Division A.
December 12, 1956.
*176 Carl C. Durrance, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant Brown, who was defendant below, seeks reversal of a judgment of conviction pursuant to a finding of guilt in a liquor law violation case.
The point to be determined is the legality of the search which produced ten 5-gallon jugs of moonshine from the back of appellant's ranch wagon.
Brown was driving a ranch wagon over U.S. Highway 301. A deputy sheriff followed him for some distance. He noticed the Brown automobile weaving from side to side within its proper traffic lane. It veered off the pavement twice although it did not cross the center line of the road. The officer stopped the car. He testified at the trial that Brown "told me that he had had quite a bit to drink" and also that Brown had a bottle on the seat with him. Whereupon appellant was arrested for reckless driving. The beam of the headlights of Brown's car was exceptionally high suggesting that the back end of the ranch wagon was heavily loaded. The officer then flashed a light through the window and saw the suspicious jugs on the floor of the car. He inquired of the appellant and was advised, "Well, I might as well tell you * * * I've got some `shine' on there." The back end of the ranch wagon was searched with the result that the ten 5-gallon jugs of moonshine were found.
At the trial for violation of the liquor laws, appellant moved to suppress the evidence. The judge denied the motion and permitted the illicit liquor to be placed in evidence. The cause was tried before the judge without a jury. The trial judge found appellant guilty and placed him on probation for two years. Reversal of this judgment is now sought.
Many times have we held that only unreasonable searches of an automobile are condemned by the Constitution Declaration of Rights, § 22, F.S.A. It is the responsibility of the trial court in the *177 first instance to determine the validity of the search upon consideration of the circumstances and the manner under which the search was made. A search pursuant to a lawful arrest is perfectly legal. Admittedly the officer in this instance had been "on the look-out" for appellant's automobile because of a "tip" from a beverage agent. However, this record clearly indicates that the appellant himself invited his arrest and subsequent search by his own conduct in the operation of the motor vehicle. We do not have here a nebulous or "flimsy" charge of violating traffic laws as was the case in Collins v. State, Fla. 1953, 65 So.2d 61. The operation of the motor vehicle here was certainly such as to justify the arrest for reckless driving. The fact that appellant was subsequently acquitted of this charge in the traffic court is of no consequence insofar as the validity of the arrest itself is concerned. Moreover, when appellant voluntarily admitted that his ranch wagon was stocked with moonshine, such admission was tantamount to the commission of the offense of possessing illicit liquor in the presence of the officer. When an offense is committed in an officer's presence, he is authorized to arrest without a warrant.
Under the circumstances suggested by this record, the deputy sheriff would have been failing in the performance of his duty if he had neglected to take the appellant into custody and confiscate the contraband liquor. The case is controlled by our holdings in Longo v. State, 157 Fla. 668, 26 So.2d 818; James v. State, Fla. 1955, 80 So.2d 699; and Gaskins v. State, Fla. 1956, 89 So.2d 867. The officer having been literally invited to make the search, we cannot condemn the results of his acceptance.
The judgment appealed from is
Affirmed.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.