ROBERTS, Justice.
The appellant was convicted in the criminal court of record of Dade County, Florida, of breaking and entering a filling station with intent to commit a felony and sentenced to a term of three years, which judgment is now before us for review. In substance, the appeal poses the propriety vel non of the arrest of the appellant and subsequent search of his apartment.
Where, as here, a series of filling station robberies has occurred and the officers at 5:45 a. m. are informed by a passing motorist that a man had just been seen walking toward a filling station with a crowbar in his hands, we think the circumstances are such as to require the officers to make an investigation. The stopping of appellant’s car in the circumstances recounted in the dissenting opinion was, in our opinion, lawful; and when they saw on the back seat of the car an adding machine, several of which had been reported stolen on the night in question and previous nights, such, together with the other circumstances, was sufficient to show “probable cause” that the appellant was implicated in the robberies, justifying his arrest without a warrant. Gaskins v. State, Fla., 89 So.2d 867; also Cf. Brown v. State, Fla., 91 So.2d 175.
The following excerpts from the testimony are significant:
“ Q. Your name and official position? A. Dari L. White; policeman, City of Miami.
* * * * * *
“ Q. Tell the Court the circumstances leading up to the arrest, in detail. A. We were patrolling down Northeast First Avenue and at approximately Fifth Street stopped for a red light and a motorist passed and told us he had seen a man in a 1949 Ford or a Ford Sedan attempting to go back in a car and he had a glove on and was carrying a crowbar.
******
“ Q. What I am trying to find out here — at the time you looked in the back seat of the automobile, had you had a report that an adding machine had been stolen? A. We had, that there had been a report of an adding machiné stolen.
******
*77 “Q. Did you place the man under arrest ? A. Sgt. Bolds took him out of the car.
* * * * * *
“Q. Your name and official position? A. Sergeant of the Miami Police Department. Robert M. Bolds. Dade County, Florida.
* * * * * *
“Q. Tell the Court the circumstances of the arrest. A. On January 6th at about five forty-five a. m. I pulled up to a traffic light at Northeast First Avenue and Fifth Street on the way to the station. At this time a motorist pulled up and told us he had seen a Ford sedan with the license number, 19S5, 1-4157 had pulled up and stopped along the curb at 1001 Northeast Second Avenue next to the railroad tracks, and the man got out of the automobile. He was wearing a pair of gloves and carrying a crowbar and started walking east along the railroad tracks toward the gas station on Biscayne Boulevard immediately next to the railroad tracks on the Boulevard.
“Q. Did you have the man’s name that gave you the information? A. No; I did not have it; it was just a passing motorist. On that information we swung around, swung east on Fifth Street to Northeast Second Avenue and North on Northeast Second Avenue and observed this car pulled or pulling away from the curb to which the motorist gave us the information, and getting close we noticed the license number was the same and the man in the car was the same, and the defendant swung west on Thirteenth Street, and we swung in behind him and pulled him to the curb, and the defendant got out of the car and came back toward me and I noticed that in his pocket there was a glove sticking out. Then I frisked him outside to see if he had a weapon, which he did not. I looked in the back window of the car which was illuminated by the street lights and in the back seat of the car I noticed there was an adding machine partially covered by old clothes. Since we have had a series of adding machines stolen all over town and one break that afternoon or evening—
“Mr. Gwinn: I object and move to strike.
“By The Court: Q. At the time you looked in the car and saw the adding machine, did you have information that an adding machine or adding machines had been stolen ? A. We had information,—
“Q. You can answer yes or no.
A. Yes, your Honor.”
No reversible error appearing, the judgment is affirmed.
TERRELL, C. J., and DREW and THORNAL, JJ., concur.
THOMAS, HOBSON and O’CON-NELL, JJ., dissent.