MURPHREE, JOHN A. H., Associate Judge.
Appellant was convicted of violating the lottery laws of the State of Florida and seeks a reversal on the ground that the evidence used against him was obtained through an unlawful search and seizure.
The two arresting officers, experienced members of the Sheriff’s Department, had had appellant under surveillance for about *392 three months prior to his arrest because of information that he was engaged in a lottery operation. They were unable, however, to obtain sufficient evidence to secure a search warrant.
Finally, the officers obtained a warrant for appellant’s arrest for vagrancy. That evening they located his automobile at a tavern and waited nearby until he came to his car and hurriedly drove away. The officers followed in close pursuit.
As appellant approached an intersection, where an emergency vehicle was standing with its red light blinking, the officers saw him take a roll of papers from his pocket and place them behind the sun visor of his car. Appellant was thereupon stopped and arrested upon the warrant for vagrancy.
After the arrest appellant was asked if the roll of papers, partly visible behind the sun visor, were "bolita”, and he readily admitted that they were. The papers were then seized and proved to be lottery paraphernalia, and were subsequently used in evidence against him.
Appellant contends that the seizure of the papers was unlawful as violating his right to be secure from unlawful searches and seizures as guaranteed by section 22 of the Declaration of Rights of the Florida Constitution, F.S.A., and the 4th Amendment of the Federal Constitution. He takes the position that the vagrancy warrant was nothing but a ruse to secure evidence of a lottery without a search warrant; and that even if the arrest for vagrancy was lawful, the accompanying search and seizure was irregular because it was not necessary nor appropriately incident to making effective a lawful arrest for vagrancy.
To support his first contention appellant cites the Florida cases of Graham v. State, 60 So.2d 186; Collins v. State, 65 So.2d 61 and Burley v. State, 59 So.2d 744. In each of these cases, however, the arrests upon which the seizure of contraband goods were predicated were held to be unlawful, therefore the evidence so obtained was quite properly suppressed. The record in this case reveals that appellant was actually tried and convicted on the charge of vagrancy, so it certainly cannot be said that his arrest for vagrancy was unlawful.
Appellant cites Courington v. State, Fla., 74 So.2d 652, to support his contention that the search was not necessary nor appropriately incident to making effective a lawful arrest for vagrancy. In the Courington case the arrest was for driving while intoxicated and causing an accident. The officers were told by several witnesses that they had seen the accused put some papers in the trunk of his automobile. Acting upon this information the car was searched and evidence of lottery found. The Supreme Court held that the use of such evidence in a subsequent prosecution for lottery was improper as not having been obtained as an appropriate incident to effecting the arrest for driving while intoxicated and causing an accident.
Had it been necessary in the present case to actually search appellant’s automobile to discover the lottery paraphernalia, then under the rationale of the Cour-ington case the seizure would have been unlawful. However, the officers themselves had seen appellant deposit papers behind the sun visor of his car which they had reason to suspect were connected with lottery, the papers were plainly visible at the time of the arrest, and appellant readily admitted when questioned that they were “bolita”. Under these circumstances the officers not only had the right but it was their duty to seize the papers and use them in evidence in a prosecution for the felony which was then and there committed in their presence; namely, violation of the lottery laws. State v. Simmons, Fla.1956, 85 So.2d 879.
Where a person is placed under a lawful arrest and articles of a contraband nature, the possession of which is illegal per se, are found in his possession without the necessity of a search, such articles may *393 be lawfully seized and used in evidence against him upon a criminal prosecution entirely disconnected with the offense for which he was initially arrested. Such is the clear implication of Collins v. State, supra, although the evidence of lottery in that case was suppressed.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.