## STATE v. ALLEN.
### No. 4902.

Circuit Court, Dade County, Criminal Appeal.

November 30, 1960.

Walter E. Gwinn, Miami, for appellant.

Richard E. Gerstein, State Attorney, Roy S. Wood, Ass't. State Attorney, for appellee.

JOE EATON, Circuit Judge.

This is an appeal from a judgment and sentence of the criminal court of record in and for Dade County where appellant (defendant) was adjudged guilty of possession of lottery tickets and sentenced to a prison term and a fine. He assigned as error the usual grounds. He also assigned as error that the court erred in denying defendant's motion to suppress the evidence.

The only assignment of error pressed by appellant (both sides having agreed to a submission on briefs without oral argument) was the denial of the motion to suppress.

It is appellant's position that a police officer may not conduct a search, without a warrant, as appropriately incidental to making effective a traffic arrest, or that in any event a search was

made, which search was too broad to be appropriately incidental to making effective such an arrest and was therefore unreasonable. It is the state's position that not only may a search be made as an incident to any arrest, including a traffic arrest, but that in any event the state has the right to impound the vehicle under the circumstances of this case and to "inventory" such vehicle once it has been impounded. The court, after an extensive review of the Florida cases, is unable to agree completely with the reasoning of either party.

It is clear from the cases that only those searches which are held to be unreasonable violate the constitutional guaranties (Gaskins v. State, 89 So. 2d 867; Brown v. State, 46 So. 2d 479). Essentially the determination of reasonableness is a factual one from all the circumstances (Chacon v. State, 102 So. 2d 578; Varrell v. State, 98 So. 2d 895; Brown v. State, supra; Longo v. State, 26 So. 2d 818).

Clearly a person (Collins v. State, 65 So. 2d 61; Brown v. State, supra) and the immediate premises (Courington v. State, 74 So. 2d 652, and cases cited in the dissent; Brown v. State, supra) under the control of a person, lawfully arrested, may be searched. This is upon a two-fold basis: (1) to make effective the arrest by uncovering hidden dangers, accomplices, etc., and (2) to seize the "fruits of the crimes." If, in the course of such a valid search, evidence of other crimes (Blake v. State, 112 So. 2d 391; Courington v. State, supra, cases cited in the dissent) or contraband (Blake v. State, supra) is discovered, the officer has an obligation to seize it. Its admissibility at the time of the trial is determined, not by weighing its connection with the alleged crime for which the original arrest was made, but rather by the reasonableness of the search during which it was discovered.

No Florida case has gone so far as to hold that an extensive search may be made of the vehicle whose driver is arrested for a minor traffic violation. Obviously there are no "fruits of the crime" to be seized and the arrest may be effected without the necessity of an extensive search. At the same time the officer is not required to avert his gaze or shut his eyes to whatever may be in plain sight (Blake v. State, supra; Fletcher v. State, 65 So. 2d 845). Especially is this so if that which is in plain sight is some species of contraband, mere possession of which is illegal, such as lottery paraphernalia (Blake v. State, supra; State v. Simmons, 85 So. 2d 879; Fletcher v. State, supra), illegal alcohol (Brown v. State, 91 So. 2d 175), distillation equipment (Self v. State, 98 So. 2d 333), etc. If such contraband appears in plain sight the officer has the duty to seize it. Such evidence is not rendered inadmissible because the seizure took place without a

warrant (Blake v. State, supra; Gaskins v. State, supra; State v. Simmons, supra; Fletcher v. State, supra), provided only that the original stopping was lawful. Mere glancing into the interior of a vehicle lawfully stopped, to see what is in plain sight, is not a search at all, much less an illegal one (Gispert v. State, 118 So. 2d 596; Kraemer v. State, 60 So. 2d 615, see also the dissent which recognizes this proposition also). But, if a police officer, upon observing what is to be seen, sees only personalty, the possession of which has a lawful connotation, he may go no further to search the vehicle until he first has secured a warrant to do so.

The court has not found, nor has the state cited, any authority whatsoever for what the state itself contends to be the police "practice of impounding vehicles stopped for minor traffic violation and, under the guise of inventorying the vehicle, making a search thereof." If that were all that appeared in this case the evidence so obtained would be clearly inadmissible.

In the lower court, testimony was taken on the motion to suppress. At the hearing the police officer testified —

Then what did you do? — Place him under arrest for improper right hand turn and defective lights.

Then what? — We inventoried the car as it was being towed in and we found a loaded .32 revolver on the front seat.

Continue. — Also, bolita bookkeeping sheets and bolita pads and some previously written lottery tickets.

At this point the evidence was offered for identification and marked as state's exhibit 1, A-E.

* &ast; *

I show you state's exhibit 1-D for identification. (Bolita tickets). Where did you find that? — On the front seat.

The state then offered the bolita paraphernalia in evidence. The defense asked for and received permission to cross-examine, and the following questions only were asked of the officer on cross-examination. —

Did you have a warrant to search the vehicle? — No sir, I did not.

Did your associate . . . have a warrant? — No, sir.

It is clear from the officer's testimony on this occasion that (1) A traffic arrest was made. (2) Bolita paraphernalia was found on the front seat.

The original arrest was lawful and the officer, or anyone else, had the right to observe what was in full view. If what he observed was something the possession of which was illegal, the

officer had the duty to confiscate it. Even if the seizure came during an unauthorized "towing in," the duty to seize remained.

The foregoing was the only evidence before the lower court when the motion to suppress was originally properly denied. Subsequently the defendant was allowed to testify —

> What was the first you knew of the presence of the police officer? — I was driving along and I saw the red light flash and I stopped and they said "Get out," and we got out and went back to their car.
>
> What happened back there? — He searched me and everything, and searched the other fellow and everything, and then this other officer went up to the car and looked in the car with his flashlight.
>
> Did they tell you why they had stopped you? — Yes, for a defective tag light.
>
> \* \* \*
>
> You say you both got out of the car and walked back to the police car and they searched your person, both of you? — Yes.
>
> Did he [the other officer] look in the car? — Yes.
>
> What happened? — He looked and found a money bag which I had my gun in.
>
> Your gun was in a money bag? — Yes, and he found a brown envelope which the tickets were in.
>
> \* \* \*
>
> Did they tow the car away? — Yes.
>
> How long from the time they stopped you until they towed it away? — About an hour I guess.
>
> You say before they towed it away they were looking in the car? — Yes.
>
> Did they open the door? — Yes.
>
> Did they take anything out of your car? — Yes.
>
> Before they towed it away? — Yes.

On cross-examination the defendant testified —

> Where was the gun located, on the front set? — Yes . . .
>
> THE COURT: What else was on the front seat? — A brown envelope.
>
> \* \* \*
>
> THE COURT: This brown envelope and gun were inside this First National Bank money bag? — No sir, the brown envelope wasn't.
>
> THE COURT: It was on the seat? — Folded up on the seat.

Defense counsel then "renewed" the motion to suppress. The motion was denied and defendant was found guilty.

When defendant testified that tickets were in the envelope on the front seat and that the tickets, or at least the envelope, was seen by and confiscated by the officer before the car was towed away, it raised a fact question as to whether the officer had come upon gambling paraphernalia in plain view. It is not clear to me from reading this record whether the tickets in the brown envelope were identifiable as such to the officer when he looked in the car. If they were, he had the duty to seize them and they were clearly admissible in evidence. If they were not (if a further search was necessary or took place before the contents of the envelope was identified as gambling paraphernalia), then I think such additional search illegal under the case law and the evidence should have been excluded. In the Self case (Self v. State, supra), the court held the evidence was admissible (even if defendant had not consented to the search) because a container with a copper interliner was plainly visible to the officer and identifiable as a piece of distillation equipment. In Blake v. State, supra, the bolita papers were clearly visible.

The burden in this appeal rests upon the appellant.

Further, this court as an appellate tribunal ought not to resolve a factual conflict and, because of the paucity of evidence in this record, it cannot. On questions of fact I cannot substitute my judgment for that of the trial judge (Varrell v. State, supra). Guarding against the natural inclination to substitute my own conclusions, drawn from the reading of this cold record, for the trial court's conclusion that the search was reasonable and the evidence admissible, I must hold that there is some evidence in the record from which the trial court could have found the bolita tickets to have been in sight. The officer said they were on the front seat, and he was not cross-examined on that point. The defendant also said they were on the front seat, but in an envelope. Defendant did not testify — as he did concerning the money bag — that the envelope was sealed. The trial court saw the volume of tickets, the type of envelope, etc. He heard the testimony and weighed the credibility of the witnesses. It certainly was within his province to conclude on all the facts where the truth lay, and there was evidence from which he could have found the facts implicit in his ruling denying the motion to suppress.

Therefore, the judgment and sentence entered below is affirmed.