ALLEN, Chief Judge.
Defendants, Smith and Green, bring separate appeals from judgments and sentences based upon a jury verdict that convicted them of aiding and assisting in setting up, promoting and conducting a lottery.
Defendants’ crucial point on appeal concerns articles obtained by an alleged unreasonable search and seizure and introduced into evidence.
Detective Coleman testified that he had been furnishd a buy of Bolita obtained from defendant Green by a confidential informer. After receipt of this confidential information, that Green was selling and picking up Bolita, Detective Coleman began surveillance of Green’s activities. Green was observed many times over a period of five weeks or more. Gariel K. Smith was also watched.
On his first surveillance, Officer Coleman noted the sections and places in the city he saw Green go to and, on subsequent observations, saw Green generally go to the same places at approximately the same times. The officer further testified that he observed defendant Green and defendant Gariel K. Smith in their two cars parked side by side on the same parking lot, and that this was approximately the same place where he had seen an object passed between Smith and Green.
The witness Coleman stated that on Friday, the 30th of November, he obtained another supervised “buy” using a confidential informer.
Smith was a self-employed ice dealer, who worked in connection with the Jackson Ice Company. Five or six trucks that bore the name Jackson Ice Company were parked behind the company’s building. The witness Coleman had seen one of these trucks, also bearing the name G. K. Smith, in front of Smith’s house.
Several hours prior to the time of the defendants’ arrests, a grease-like substance, *355 that glows under ultra-violet light, was placed on the door handle of Green’s automobile. Defendant Green was seen walking in the area of the Jackson Ice Company. Later that evening, a search with an ultra-violet light around the rear of appellant Smith’s ice truck led to the discovery of this glowing substance on its back flap. Inside the truck, an ice bag containing the glowing substance was found; and within that bag, a smaller paper bag that also glowed with the substance contained the illicit Bolita materials. The above circumstances, coupled with a reading of the record that sets out the circumstances in full, gave the officer probable cause to search the truck. See Beck v. State, Fla.App. 1965, 181 So.2d 659, for the rules for search' of a vehicle without a warrant. The motion to suppress at trial the evidence seized was properly denied.
We have noted appellants’ other points on appeal, in the light of the record, concerning the illegality of Smith’s arrest and the refusal of the court to permit cross-examination of the State’s chief witness at the trial and find no reversible error.
Affirmed.
SHANNON and HOBSON, JJ., concur.