193 So.2d 23 (1966)
The STATE of Florida, Petitioner,
v.
Joseph Candy SMITH, Respondent.
No. 66-585.
District Court of Appeal of Florida. Third District.
December 20, 1966.
*24 Earl Faircloth, Atty. Gen., Richard E. Gerstein, State Atty., and Joseph Durant, Asst. State Atty., for petitioner.
Walter E. Gwinn, Miami, for respondent.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
PEARSON, Judge.
We are presented with a petition of the state of Florida for writ of certiorari seeking review of a judgment of the circuit court acting in its appellate capacity. We have jurisdiction under section 5(3), Article V, Constitution of the State of Florida, F.S.A. See Robinson v. State, Fla. 1961, 132 So.2d 3; State v. Smith, Fla. App. 1960, 118 So.2d 792. We issued the writ upon petitioner's contention that the circuit court departed from the essential requirements of law. See State v. Smith, supra. The petitioner contends that the circuit court failed to apply, to the admitted facts of the case, the principles of law enunciated by the Supreme Court of Florida in Fletcher v. State, Fla. 1953, 65 So.2d 845, Gaskins v. State, Fla. 1956, 89 So.2d 867, and by the District Court of Appeal, Second District, in Blake v. State, Fla.App. 1959, 112 So.2d 391.
The respondent, Joseph Candy Smith, was arrested by two patrolmen of the Dade County Sheriff's Office when he returned to his parked car. The policemen had checked the parked car and observed the keys in the ignition. In addition, they observed in the car an open brown box. The box was in plain view. Without opening the window or going inside the car, they could see bolita slips in the box. Soon after the officers made the observation, the defendant came to the car carrying a gasoline can. He told the officers that he had run out of gas, and that he knew the vehicle contained bolita slips. The arrest for possession of bolita slips followed. One officer stated that he entered the vehicle prior to the arrest; the other officer stated that the vehicle was not searched until after the arrest. The trial judge denied a motion to suppress. In ruling on the admissibility of the evidence, the trial judge necessarily found, upon conflicting evidence, that the arrest preceded the seizure. The ruling necessitated passing on a factual question, which was a function entirely within his province. Mixon v. State, Fla. 1951, 54 So.2d 190, 192; Varrell v. State, Fla.App. 1957, 98 So.2d 895.
Respondent waived trial by jury and was tried in the Criminal Court of Record for Dade County; he was found guilty and sentenced. The conviction being for a misdemeanor, the respondent filed notice of appeal to the circuit court. See Fla. Stat., §§ 849.09(1) (h) and 849.09(4), F.S.A. That court heard the appeal and entered an "Order of Reversal." This petition for certiorari seeks review of that order.
The circuit judge set forth in his order the following:
"The question presented by this appeal was whether the evidence seized from an unoccupied vehicle by the police without a search warrant could be used in evidence in a subsequent criminal trial against one who had a standing to complain."
The court held:
"The seizure of the evidence in this case was not made with a search warrant nor was it appropriately incidental to the valid arrest of the Appellant. This, then, was a general search and therefore in violation of the rights of the Appellant protected by the Fourth and Fourteenth Amendments to the United States Constitution and Section 22 of the Declaration of Rights of the Florida Constitution. The evidence unlawfully seized was used to convict the Appellant.
"The Appellant's Motion to Suppress should have been granted and the trial *25 court's denial of said Motion was reversible error."
In Gaskins v. State, Fla. 1956, 89 So.2d 867, the Supreme Court of Florida held:
"In the case before us the original search was perfectly reasonable and justifiable. Appellant's truck was parked at a darkened intersection, in the nighttime, without lights, its left wheels over on the paved road, with its windows open and unattended. The police officers were merely doing their duty when they stopped and investigated a vehicle under such circumstances. When they searched the vehicle, they were performing a duty incident to their responsibilities as police officers. It seems to us that it would be perfectly illogical to hold that under such circumstances in order to make a legal search of the vehicle, the police officers should be required to obtain a search warrant precedent to the search which was necessarily a component part of a complete investigation of the situation.
"We therefore hold that the original search was reasonable, under the circumstances there was nothing unlawful about it, and in so holding we find that evidence obtained in the course of the search was legally obtained and therefore properly admissible at the subsequent trial. The trial judge consequently ruled correctly when he denied the motion to suppress the evidence."
In reversing the trial court, the circuit court relied upon the decision of the Supreme Court of the United States in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777. The search in the Preston case was not made at the scene; it was made at a later time and at another place. The seizure in the instant case was made at the scene.
The order of reversal was based upon the following chain of reasoning. There is a difference between a search of a dwelling and a search of an automobile because the vehicle can be quickly moved out of the locality in which a search warrant must be sought. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Fla. Stat., § 933.19, F.S.A. However, when the vehicle is immobile and cannot be quickly moved the reason for the distinction does not exist. In this case, it was quite obvious that the vehicle was immobile and that there was no danger that the vehicle could or would be moved by anyone. The arrest of an accused outside of an immobile vehicle will not justify a search of the vehicle without a search warrant. The search for and seizure of evidence in an immobile vehicle without a search warrant and not appropriately incidental to a valid arrest is a general search. Furthermore, the evidence was not admissible because a trespass was committed in order to remove the evidence from the vehicle. Upon the foregoing reasoning, the circuit court determined that the rights guaranteed to the appellant by Fourth and Fourteenth Amendments to the Constitution of the United States and section 22 of the Declaration of Rights of the Constitution of the State of Florida were violated, and the trial court committed reversible error in denying the motion to suppress.
In the case sub judice, no search was required to observe the contraband because it was in plain view without the necessity of entering the vehicle or moving any concealing device in the vehicle. Cf. Kraemer v. State, Fla. 1952, 60 So.2d 615. See also Lindsey v. State, Fla.App. 1966, 184 So.2d 437. The mere fact that the accused was arrested outside of his vehicle did not preclude the seizure of the contraband. See Beacham v. State, Fla.App. 1965, 175 So.2d 796. Cf. Gaskins v. State, Fla. 1956, 89 So.2d 867; Fletcher v. State, Fla. 1953, 65 So.2d 845; Blake v. State, Fla. App. 1959, 112 So.2d 391. See also Beck v. State, Fla.App. 1966, 181 So.2d 659; Smith v. State, Fla.App. 1966, 187 So.2d 354.
The conviction does not depend upon evidence that was obtained by an unreasonable search and seizure. See Zygula v. *26 State, Fla. 1951, 51 So.2d 287. This case is unlike Boynton v. State, Fla. 1953, 64 So.2d 536, where evidence was suppressed because it had been obtained during an exploratory search while trespassing upon the premises. In this case, the officers knew that the vehicle contained contraband. The arrest and conviction of this defendant was not based upon evidence obtained as the result of an exploratory search prior to his arrest.
We conclude that the order of reversal departs from the essential requirements of law in that it fails to follow the principles of law applicable to the facts of the case. Accordingly, the order of reversal is quashed.
It is so ordered.