· 461 P.2d 228

STATE of New Mexico, Petitioner,

v.

Paulina PAUL, Respondent.

No. 8909.

Supreme Court of New Mexico.

Nov. 24, 1969.

James A. Maloney, Atty. Gen., Mark B. Thompson, III, Asst. Atty. Gen., Santa Fe, for petitioner.

F. Randolph Burroughs, Alamogordo, for respondent.

OPINION

TACKETT, Justice.

This action raises an interesting and important question of first impression in this court; that is, may the State seek review of a decision of the Court of Appeals in a criminal matter on petition of certiorari?

The defendant below was convicted of burglary and, on appeal to the Court of Appeals of this State, that conviction was reversed and a new trial was granted. State v. Paul, 80 N.M. 521, 458 P.2d 596 (Ct.App. 1969). The facts leading to the conviction and reversal are sufficiently set forth in the opinion of the Court of Appeals and they will not be detailed herein.

The State seeks review of the reversal by the Court of Appeals by way of writ of certiorari in this Court. It bases its request for certiorari on the following grounds: (1) The decision of the Court of Appeals is in conflict with certain decisions of this Court; (2) it is in conflict with certain decisions of the Court of Appeals; (3) the question presented involves a significant question of law; and (4) the issue is of substantial public interest. The State has thus raised all four grounds permitted by § 16–7–14, N.M.S.A., 1953 Comp., 1969 Pocket Supp., which grants this Court jurisdiction to review by writ of certiorari.

The question, therefore, for us to determine is whether the State has a right to review, by a writ of certiorari, a decision of the Court of Appeals in a criminal action. We hold that it does not.

We are aware that contrary results have been reached in some jurisdictions. See State v. Harris, 136 So.2d 633, 91 A.L.R. 2d 1088 (Fla.1962); Annot. 91 A.L.R.2d 1095.

Section 21–10–2.1, N.M.S.A., 1953 Comp., 1969 Pocket Supp., reads in part:

"B. Within thirty [30] days after an indictment, complaint or information is

quashed or adjudged insufficient upon an interlocutory motion, or judgment is arrested, in any criminal action in the district court, the state may appeal therefrom to the Supreme Court or the court of appeals, as appellate jurisdiction may be vested by law in these courts."

It can thus be seen that the State has no right of appeal or by certiorari, where the case has gone to trial, the defendant convicted, and such conviction reversed by the Court of Appeals, as in the case before us

 The State apparently relies on § 16-7-14, supra, which contains the words "any matter." This being a general statute on certiorari, it cannot be said to repeal the specific statute permitting appeals by the State in only certain specified cases provided for in § 21-10-2.1, supra. See State v. Lujan, 76 N.M. 111, 421 P.2d 405 (1966); Lopez v. Barreras, 77 N.M. 52, 419 P.2d 251 (1966).

█ The right of appeal to the Supreme Court is a creature of constitutional or statutory law, in the absence of which such right does not exist. Jordan v. Jordan, 29 N.M. 95, 218 P. 1035 (1923), and cases therein cited.

██ The State should not be permitted to accomplish by certiorari what it cannot do by appeal. The right of the State to prosecute error in a criminal case exists only when such right is conferred by statute. Mick v. State, 72 Ohio St. 388, 74 N.E. 284 (1905); State ex rel. Douglas v. Stratiner, 119 Wash. 667, 206 P. 353 (1922). Section 21-10-2.1, supra, confers no such right.

Where the State has no right of appeal from an order granting defendant a new trial, certiorari could not be granted as a substitute. To bring up the matter by certiorari, would be to accomplish by indirection what the statute does not expressly permit. State v. Todd, 224 N.C. 776, 32 S.E.2d 313 (1944).

Certiorari is hereby denied. It is so ordered.

MOISE, C. J., and COMPTON and WATSON, JJ., concur.