352 P.2d 1010

STATE of New Mexico, ex rel. STATE HIGHWAY COMMISSION OF NEW MEXICO, Plaintiff-Appellant,

v.

W. H. WEATHERLY et al., and William E. Griffith, Defendants-Appellees.

No. 6628.

Supreme Court of New Mexico.

May 31, 1960.

Hilton A. Dickson, Jr., Atty. Gen., Charles S. Solomon and Hadley Kelsey, Sp. Asst. Attys. Gen., for appellant.

Grantham, Spann & Sanchez, Albuquerque, for Griffith.

McGHEE, Chief Justice.

This is an appeal by the plaintiff following a jury award of $27,500 and a judgment based thereon for the partial taking of access by it to lands owned by the defendant Griffith abutting a new four-lane divided highway. A 50 foot access with cross-over so traffic could enter or go upon either lane of the highway was left open to the defendant.

The plaintiff has made the following points in its brief in chief:

1. That the lower court erred in holding that the State Highway Commission could no longer regulate access under the police power, but had to condemn it under § 55–10–5, N.M.S.A.1957 Supp. (Sec. 5, Ch. 234, Laws 1957).

2. The lower court erred in ruling that the control of access along the temporary connection was a condemnation of access and not regulation of ingress under the police power.

3. It was error for the trial court to refuse the appellant's requested instruction No. 2.

As to point 1, it can be said that the record is not clear that the court held there could no longer be regulation under the police power since the passage of § 55–10–5, N.M.S.A.1957 Supp. He did state that he was of the opinion that the police powers were not pertinent here "under the existing statutes and under the general law * * *." This is not to our minds the same as a holding that the statute had changed the situation.

However, the question of whether the court was of the opinion that the passage of the statute had altered the situation is not important if in fact the case was tried on a proper theory or submitted to the jury on a basis that was not complained about. As hereinafter pointed out in our discussion of point 3, no proper objection was made or exception taken to the instruction on damages and, accordingly, any error therein is waived.

■ As to point 2, we cannot sympathize with appellant's position. It files an action seeking to condemn access. After service of process, appraisal, hearing on objections and a pre-trial conference, on the day set for trial on the question of the amount of damages only (§ 22–9–6, N.M.S.A.1953) including the amount assessed for taking of access, it was not error for the trial court to insist that the case be tried on the same theory and not to permit the amendment. This decision was one peculiarly within the discretion of the trial judge. The filing of the suit which had for one of its purposes the condemnation of access was in effect an admission by plaintiff that the taking was not by way of the police power. To have permitted the amendment would have left the question of defendants' rights to damages because of the placing of the barricade, whether temporary or permanent, undecided and a suit would have had to be commenced by defendants to get the question determined.

Incidentally, it should be mentioned that the temporary nature of the barricade was not apparent from the complaint and was asserted first at the time of trial. Also, the court's action in not deciding that the temporary barricade did not give rise to any right of damages as a matter of law was again in the nature of a ruling that plaintiff could not change its theory of the case from that upon which the complaint was framed. This was discretionary with the court as was the refusal to permit the amendment, and there was no abuse. Plaintiff did not move to dismiss the action, which likewise could not have been done at this stage of proceedings without permission of the court. § 21–1–1(41)(a). Emmco Ins. Co. v. Walker, 57 N.M. 525, 260 P.2d 712.

■ We now turn to a consideration of point 3. The controlling instruction in the case as to when damages could be awarded and, if so, the guide for determining the amount thereof is instruction No. 21 which reads, as follows:

"You are further instructed that the owner of property abutting upon a public way or highway has a right of free and convenient use of and access to such way or highway upon which his land abuts; and that this right of ingress and egress attaches to the land itself and is a right of property as fully as is the ownership of the land. The plaintiff is seeking to condemn some of these access rights owned by the defendants, which it has a right to do. However, any action on the part of the plaintiff which destroys or substantially impairs such right is a damage for which the property owner is entitled to just compensation. In determining the damages, if any, which has

accrued upon the taking of lands for right-of-way for public use, you have the duty also to consider not only the value of the property which actually has been taken but as well the damages to the remainder of the property not actually taken but injuriously affected by such taking, and to determine the damages, if any, which have accrued to such remaining property by such taking. Likewise, if no land is taken but an access right is destroyed or substantially impaired you have the duty to determine the damages, if any, which have accrued or been done to the property abutting the highway of which such right was a part before the taking."

In opposition thereto the plaintiff tendered its requested instruction No. 2 which reads:

"You are instructed that access rights are a property right and constitute the right of egress and ingress to and from the property to the highway, and that said rights cannot be taken or their value impaired without the payment of just compensation. Such access right, however, is not unlimited but is subject to reasonable control by the state by virtue of its police power and if reasonable access is left the abutting owner sufficient for the highest and best use of his property, then he is entitled to no compensation for the reasonable control and regulation of access by the State."

The defendant says there is no appreciable difference between instruction No. 21 and the requested one in their essential elements, and in effect the latter would not have been of assistance to the jury in their consideration of the case; but there is, we believe, a material difference.

Both go to the conditions that must obtain before damages may be given for the taking or impairment of access, and we are confronted with the problem of what we can do about it even though instruction No. 21 be erroneous and the requested instruction correct. As above indicated, these are questions which we do not decide. The plaintiff did not make any objection whatever to the giving of instruction No. 21 (or any other given instruction), and makes no point here that error was committed in giving it, but simply says in argument it is erroneous and that the court erred in refusing his requested instruction No. 2. It is true that it devotes a large part of its brief to the proposition that the State may, in the exercise of its police power, take access without compensation, but that was not its position below when it tendered the requested instruction. It admits the defendant was entitled to compensation provided he was not left reasonable access sufficient for the highest and best use of his property.

Accepting the claim of the plaintiff that there is a material difference in the instruction given and that requested then they were contrary and inconsistent, we ask may a litigant sit by and see the trial court about to give an erroneous instruction and one that is contrary to his theory of the case without objecting and pointing out the vice thereof, and then claim error for failing to adopt his contrary instruction? We think not. Certainly it is contrary to the rationale of our Trial Rule 70–108 (§ 41–11–16, 1953 N.M.S.A.) and our decisions in State v. Compton, 57 N.M. 227, 257 P.2d 915; State v. Clarkson, 58 N.M. 56, 265 P.2d 670; State v. White, 58 N.M. 324, 270 P.2d 727, and State v. Baize, 64 N.M. 168, 326 P.2d 367. The rule is the same in civil and criminal cases.

It may also be said the plaintiff does not contend in its brief in chief that the verdict was excessive.

A determination by us as to the liability of the Highway Department for the injuring or taking of access along these limited access highways will have to wait until the question is properly before us.

The judgment here rendered must be affirmed, and It is so ordered.

COMPTON, CARMODY, and MOISE, JJ., and GEO. T. HARRIS, D. J., concur.