652 P.2d 756

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Stewart OTTO, Defendant-Appellant.**

**No. 5869.**

Court of Appeals of New Mexico.

Sept. 30, 1982.

Jeff Bingaman, Atty. Gen., Carol Jean Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

John L. Walker, Teel & Walker, P.A., Albuquerque, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

Defendant was convicted of one count of conspiracy to tamper with evidence and one count of tampering with evidence. The general criminal intent instruction, N.M.U. J.I. Crim. 1.50, N.M.S.A. 1978 (Repl.Pamph. 1982), was not given. The issues on appeal are whether failure to so instruct amounts to jurisdictional error and whether it can be raised for the first time on appeal.

We originally calendared this case for summary reversal. No timely memorandum in opposition to our proposed disposition having been filed, we reversed by memorandum opinion filed August 26, 1982. On August 31, 1982, within the time allowed for rehearing, the State moved to stay the mandate on the ground that it had not received notice of our calendaring assignment. We granted that motion and allowed the State to file its memorandum in opposition. We treat our grant of the State's motion to stay as a grant of its motion for rehearing. We withdraw the August 26th memorandum opinion and substitute this opinion in its stead.

The State cites *State v. Edwards,* 54 N.M. 189, 217 P.2d 854 (1950); *State v. Rodriguez,* 81 N.M. 503, 469 P.2d 148 (1970); *State v. Noble,* 90 N.M. 360, 563 P.2d 1153 (1977) and *State v. Mills,* 94 N.M. 17, 606 P.2d 1111 (Ct.App.1980), in arguing that because defendant did not request Instruction 1.50 or object to the failure to give it, he cannot raise the issue for the first time on appeal. The State points out that we said on rehearing in *State v. Curlee,* 98 N.M. 576, 651 P.2d 111 (Ct.App., 1982), that we would not review the State's argument that the incomplete instruction 1.50 there given was requested by defendant, for the reason that the appeal record in *Curlee* was insufficient to. establish that contention. We are advised that, in this case, there is a record of the instruction conference, and that it discloses defendant's failure to request Instruction 1.50 as well as his failure to object to its omission.

 The State's argument of the necessity of defendant to request Instruction 1.50 or to object to failure to so instruct is without merit. Refusal or failure to follow the Supreme Court mandate on use of Uniform Jury Instructions is not a prerogative of the trial court. *State v. Smith,* 92 N.M. 533, 591 P.2d 664 (1979). *Curlee* holds such failure to be jurisdictional error. The cases relied on here by the State are not concerned with jurisdictional error. Jurisdictional issues may be raised for the first

time on appeal even when there has been no objection below. *Curlee, supra; State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973); *State v. Montoya,* 86 N.M. 155, 520 P.2d 1100 (Ct.App.1974); *State v. Rodriguez,* 81 N.M. 503, 469 P.2d 148 (1970). Instruction 1.50 must be given in all crimes requiring criminal intent except first degree murder. *See* Use Note accompanying Instruction 1.50. Even though defendant did not request the instruction or object to its not being given, the issue is properly raised on appeal because it is a point of jurisdictional error.

The State's reference to the language in *Curlee* indicates a misconception of the holding in that case. We there discussed the standards applied on a motion for rehearing. We did not reach nor decide the question of an erroneous instruction allegedly tendered by an appellant. Similar facts are missing in this case; the missing instruction here was neither requested nor given.

 We hold that failure to give an instruction on the law essential for a conviction, required by Supreme Court mandate, is jurisdictional and reversible error, and defendant need not tender a mandatory instruction nor object to its omission in order to preserve the error. Compare Rules 41(a) and (d), N.M.R.Crim.P., N.M.S.A. 1978 (1980 Repl.).

The trial court is reversed and defendant is granted a new trial.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.