672 P.2d 654

**STATE of New Mexico, Petitioner,**

v.

**Jane DOE, Respondent.**

**No. 14627.**

Supreme Court of New Mexico.

Nov. 29, 1983.

---

Paul Bardacke, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

Rothstein, Bailey, Bennett & Daly, Martha A. Daly, Santa Fe, for respondent.

## OPINION

RIORDAN, Justice.

Jane Doe (Doe), was convicted of the delinquent act of second degree murder. NMSA 1978, § 32–1–3(*O*) (Repl.Pamp. 1981); NMSA 1978, § 30–2–1(B) (Cum. Supp.1983). She received a two year commitment to the Girls Welfare Home. Doe appealed, and the Court of Appeals reversed the conviction for the failure of the trial court to give the Uniform Jury Instruction for general criminal intent, NMSA 1978, UJI Crim. 1.50 (Repl.Pamp. 1982), and remanded the case to the trial court for a new trial. We granted certiorari and reverse the Court of Appeals.

The sole issue addressed is whether the failure to give UJI Crim. 1.50 automatically requires reversal solely because the Use Note provides that it must be given, when there was no tender of the instruction or objection to not giving the instruction.

Effective May 1980, the definitions of first and second degree murder were changed by eliminating the language that previously required malice aforethought.

*Compare* NMSA 1978, § 30–2–1 (Orig. Pamp.) *with* NMSA 1978, § 30–2–1 (Cum. Supp.1983). NMSA 1978, UJI Crim. 2.10 and 2.11 (Repl.Pamp.1982), were revised after the 1980 amendments to Section 30–2–1. *Compare* NMSA 1978, UJI Crim. 2.10 (Orig. Pamp.) *with* NMSA 1978, UJI Crim. 2.10 and 2.11 (Repl.Pamp.1982). At this time, the requirement to give UJI Crim. 1.50 was added to the Use Note following UJI Crim. 2.11. Also at this time, the Use Note following UJI Crim. 1.50 was changed to its present wording.

At Doe's trial, the jury was given the Uniform Jury Instruction for second degree murder. NMSA 1978, UJI Crim. 2.11 (Repl. Pamp.1982). The Use Note for UJI Crim. 2.11 stated that, "Instruction 1.50, General criminal intent, must also be given." However, UJI Crim. 1.50 was not given. Furthermore, Doe did not object to the trial court not giving UJI Crim. 1.50, nor did counsel tender UJI Crim. 1.50 to the trial court. The issue was raised for the first time on appeal in the Court of Appeals.

The Court of Appeals assigned this case to the limited calendar, and decided only on this point without addressing other issues raised on appeal. Both Doe and the Court of Appeals' opinion rely on *State v. Curlee,* 98 N.M. 576, 651 P.2d 111 (Ct.App.), *cert. denied,* 98 N.M. 590, 651 P.2d 636 (1982), and *State v. Otto,* 98 N.M. 734, 652 P.2d 756 (Ct.App.1982), for the proposition that failure to follow the Use Note for a Uniform Jury Instruction is jurisdictional error. We determine that it is not jurisdictional error which automatically requires reversal.

We recognize the general rule that the failure to give a jury instruction containing an *essential element* of the crime charged is jurisdictional and may be raised for the first time on appeal. *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977). A distinction is made, however, between the status of jury instructions on essential elements and definitional jury instructions. The failure to give a definitional jury instruction is not error. *State v. Stephens,* 93 N.M. 458, 601 P.2d 428 (1979). In the present case, we must determine the status of UJI Crim. 1.50

either as definitional or as an essential element instruction. Our determination necessitates review of the applicable Court of Appeals' cases.

The Court of Appeals in *Curlee* determined that because the Use Note to UJI Crim. 2.11 required that UJI Crim. 1.50 *must be given,* failure to give UJI Crim. 1.50 in an unaltered form was reversible error. Thereafter, the Court of Appeals in *Otto,* relied on *Curlee,* and held that the failure to give UJI Crim. 1.50 is *jurisdictional* and reversible error, and that a defendant need not tender a mandatory jury instruction or object to its omission in order to preserve the error. Certiorari was not sought in *Otto.*

In the present case, the Court of Appeals relies on both *Curlee* and *Otto,* and determines that UJI Crim. 1.50 is neither a definitional jury instruction nor an amplification of an element that is otherwise contained in the essential element jury instruction. Instead, the Court of Appeals now goes further and holds that UJI Crim. 1.50 is *jurisdictional* because the Use Note says that it "must be given." This holding would allow any defendant to raise, for the first time on appeal, a jurisdictional error issue requiring automatic reversal for failure to give a jury instruction that contains a "must be given" Use Note. This proposition ignores the principle that the failure to timely object to a jury instruction generally precludes raising that issue on appeal. *State v. Garcia,* 99 N.M. 771, 664 P.2d 969, *cert. denied,* —— U.S. ——, 103 S.Ct. 2464, 77 L.Ed.2d 1341 (1983). Moreover, the Court of Appeals ignores our holding in *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973), that the jury instructions must be considered as a whole, and if the jury instructions substantially follow the language of the statute or use equivalent language, then they are sufficient. The language in a Use Note, like a definitional jury instruction, cannot elevate a jury instruction to the status of an *essential element.* *See State v. Padilla,* 90 N.M. 481, 565 P.2d 352 (Ct.App.), *cert. denied,* 91 N.M. 3, 569 P.2d 413 (1977). This is not to imply that Use

Notes may be ignored. Nevertheless, we determine that a defendant cannot sit back and insert error into a trial by his or her inaction and receive an automatic reversal when the crime has been fairly instructed on. *See State v. Gunzelman; see also State ex rel. State Highway Commission v. Weatherly,* 67 N.M. 97, 352 P.2d 1010 (1960).

 We now address the issue of the change in the second degree murder statute between Section 30–2–1(B) (Orig.Pamp.) and Section 30–2–1(B) (Cum.Supp.1983). A review of both statutes indicates that neither the present statute nor its predecessor requires "intent" as a part of second degree murder. The prior law, however, did require "malice", which was defined as the "deliberate intention, unlawfully to take ... life" for both first *and* second degree murder. NMSA 1978, § 30–2–2. That requirement has been omitted by the repeal of Section 30–2–1(B) (Orig.Pamp.), and by the enactment of Section 30–2–1(B) (Cum. Supp.1983). The Legislature has redefined both first and second degree murder. We determine that the Legislature in its action of changing Section 30–2–1(B) (Cum.Supp. 1983), has eliminated the requirement that a defendant commit second degree murder with "general criminal intent." Rather, both first and second degree murder now require the specific intent set forth in the statute. Second degree murder now occurs when "a person * * * kills another human being without lawful justification or excuse [knowing] that such acts create a strong probability of death or great bodily harm." § 30–2–1(B) (Cum.Supp.1983). There is no requirement for general criminal intent because this language contains the specific intent (knowing that the actions create a strong probability of death or great bodily harm) that is set forth by the Legislature.

 In the present case, the record indicates that the jury instruction given sufficiently contained the necessary elements as required by Section 30–2–1(B) (Cum.Supp. 1983). After reading the jury instructions as a whole, we determine that the jury was properly instructed on second degree murder. We hold that the failure to give UJI

Crim. 1.50 does not automatically require reversal solely because the Use Note provides that it must be given when there was no tender of the proper instruction or objection to not giving the instruction. The failure to give UJI Crim. 1.50 must be looked at, with other instructions as a whole, to determine whether the crime was properly instructed on. Therefore, the trial court's failure to specifically give UJI Crim. 1.50 is not reversible error. *State v. Gunzelman.*

The Court of Appeals is reversed. This case is remanded to the Court of Appeals to address the other issues on appeal.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI and STOWERS, JJ., concur.

SOSA, Senior Justice, not participating.