This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                  NO. 30,961

**MOSES EARL INGRAM,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr.,  District Judge**

Gary K. King, Attorney General
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals his convictions for kidnapping, attempted murder, aggravated fleeing, criminal damage to property, and unlawful taking of a motor vehicle. On appeal, Defendant challenges the jury selection process, the district court's denial of his request for change of venue, the jury instructions, various evidentiary rulings, and his sentence. We affirm.

**FACTUAL BACKGROUND**

The charges were based on a July 24, 2009, domestic incident where Defendant demanded to talk to Victim about her relationship with Defendant's brother. Defendant confronted Victim on her front porch and began to hit her in the head when she refused to speak with him. When Defendant asked Victim for her car keys, Victim set off the car alarm and threw the keys. When Victim's neighbor (Neighbor) heard Victim's car alarm and some yelling, he opened his front door and saw Defendant dragging Victim by her hair toward the street. Defendant dragged Victim to her car and drove away. Neighbor called 911.

Officer Pete Vargas was the responding officer. Officer Vargas was familiar with both Defendant and Victim. When Officer Vargas arrived at Victim's residence, he saw Victim's car backing out of the driveway, so he blocked the driveway with his patrol unit. Officer Vargas saw Defendant in Victim's car when it sped over the curb and drove off. Officer Vargas and Officer Clay Cullison, who was driving a second

patrol unit, both pursued Victim's car. During the pursuit with the police, Defendant continued to beat Victim and repeatedly told her that he intended to kill her. Victim's car ultimately came to a stop after it was driven off the road, through a barbed wire fence, and crashed into a tree. Defendant fled on foot, and was arrested in Clovis, New Mexico on August 10, 2009.

Prior to trial, Defendant unsuccessfully moved for change of venue. During jury selection, Defendant unsuccessfully raised a due process objection to two of the empaneled jurors. Defendant declined to challenge these jurors for cause. Throughout the course of trial, Defendant raised numerous unsuccessful evidentiary objections to the State's evidence. Defendant did not raise any objections to the jury instructions, and the jury was not instructed pursuant to UJI 14-141 NMRA, the general intent instruction. In his defense, Defendant's theory of the case was that of mistaken identity by the witnesses.

The jury convicted Defendant of kidnapping, attempted murder, aggravated fleeing, criminal damage to property, and unlawful taking of a motor vehicle. During sentencing, Defendant argued that the district court could only sentence Defendant to second-degree kidnapping because the State did not tender and the jury was not instructed pursuant to UJI 14-6018 NMRA. At trial, Defendant had agreed with the State that UJI 14-6018 was unnecessary because none of the elements listed in UJI 14-

3

6018 were at issue. The district court sentenced Defendant to first-degree kidnapping, and found that Defendant had committed a serious violent offense not eligible for standard day-for-day good time credit. Defendant timely filed an appeal of his conviction and sentence.

**DISCUSSION**

Defendant raises eight issues on appeal. He challenges the jury selection process, the district court's denial of his request for change of venue, the jury instructions, various evidentiary rulings, and his sentence. Defendant also claims ineffective assistance of counsel. We will address each issue as necessary.

**Evidence of Prior Bad Acts**

We first address Defendant's argument that the district court erred in allowing the admission of Defendant's order setting conditions of release and appearance bond (the Order) stemming from a different case, and Victim's testimony that she was a witness in a third case against Defendant. On appeal, Defendant argues that this evidence of his prior bad acts was admitted contrary to Rules 11-404(B) and 11-403 NMRA because "[t]he jury could logically decide that because Defendant had apparently engaged in prior criminal behavior in relation to [V]ictim," that he was guilty of the most recent criminal charges as well.

We review the district court's decision to admit evidence under Rules 11-

4

404(B) and 11-403 for an abuse of discretion. *State v. Otto*, 2007-NMSC-012, ¶ 9, 141 N.M. 443, 157 P.3d 8; *State v. Martinez*, 1999-NMSC-018, ¶ 31, 127 N.M. 207, 979 P.2d 718. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Otto*, 2007-NMSC-012, ¶ 9 (internal quotation marks and citation omitted).

Before admitting evidence of a defendant's prior bad acts pursuant to Rule 11-404(B), the district court must find that the evidence is relevant to a material issue other than the defendant's character or propensity to commit a crime. *See State v. Gaitan*, 2002-NMSC-007, ¶ 26, 131 N.M. 758, 42 P.3d 1207. In addition, the court must determine that the probative value of the prior bad acts evidence substantially outweighs the risk of unfair prejudice to the defendant. Rule 11-403. In this case, the district court found that the prior bad act evidence was not unduly prejudicial because it was relevant evidence of fleeing, and it could provide a motive for Defendant to batter, kidnap, and attempt to murder Victim. We shall first address the district court's finding that the evidence was relevant, other than as proof of Defendant's bad character, and then discuss whether the evidence was unduly prejudicial to Defendant.

Rule 11-404(B)(1) prohibits the introduction of prior bad act evidence when

used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evidence of prior bad acts, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 11-404(B)(2). "The list of permissible uses of evidence of other wrongs in Rule 11-404(B) is intended to be illustrative rather than exhaustive, and evidence of other wrongs may be admissible on alternative relevant bases so long as it is not admitted to prove conformity with character." *Martinez*, 1999-NMSC-018, ¶ 27. We conclude that the district court did not abuse its discretion in finding a relevant basis under Rule 11-404(B) to admit both the Order and Victim's testimony.

The Order prohibited Defendant from leaving Tucumcari. The restriction from leaving Tucumcari is a relevant basis for admission under Rule 11-404(B) because Defendant left Tucumcari after the incident despite the restriction. *State v. Trujillo*, 95 N.M. 535, 541, 624 P.2d 44, 50 (1981) ("Evidence of flight or an aborted plan of flight is admissible and relevant because it tends to show consciousness of guilt."). In addition, the Order was entered days before the incident in the present case and required Defendant to be on house arrest and not associate with Victim. Victim's testimony demonstrated that she was also a witness in a third case against Defendant. Both pieces of evidence are highly probative of Defendant's difficult relationship with

6

Victim. *See State v. Flores*, 2010-NMSC-002, ¶ 32, 147 N.M. 542, 226 P.3d 641 ("In determining [a d]efendant's guilt, the jury may consider the relationship of the parties and the animus of the accused toward the [victim]." (internal quotation marks and citation omitted)). The cumulative effect of this challenged evidence demonstrates the deteriorating relationship between Victim and Defendant, and it is particularly relevant to both a motive and the identity of the assailant in light of Defendant's theory at trial, that the witnesses mistakenly identified Defendant as the assailant. *State v. Rojo*, 1999-NMSC-001, ¶ 47, 126 N.M. 438, 971 P.2d 829 (upholding the introduction of evidence of a defendant's prior violent acts against a victim and of his deteriorating relationship with the victim to support the state's theory that the defendant had a motive for killing the victim after she broke off their relationship).

The evidence of Defendant's prior bad acts was not admitted solely as proof of Defendant's bad character and propensity to act in conformity therewith. As such, the district court did not abuse its discretion when it determined that Victim's testimony and the Order were admissible evidence under Rule 11-404(B).

Next, Defendant argues on appeal that the probative value of the prior bad acts evidence "was far outweighed by [its] prejudicial effect on the jury." We disagree. The purpose of Rule 11-403 is not to guard against any prejudice whatsoever, rather Rule 11-403 guards against the danger of *unfair* prejudice. *See Rojo*, 1999-NMSC-

7

001, ¶ 48 ("[T]he fact that some jurors might find this evidence offensive or inflammatory does not necessarily require its exclusion[.]").  Evidence is not unfairly prejudicial simply because it inculpates a defendant, but instead prejudice is considered unfair when it "goes *only* to character or propensity."  *State v. Ruiz*, 119 N.M. 515, 519, 892 P.2d 962, 966 (Ct. App. 1995) (emphasis added); *State v. Everitt*, 80 N.M. 41, 46, 450 P.2d 927, 932 (Ct. App. 1969) (holding that evidence admissible to show intent and preparation was not to be excluded even if it "may have had some inflammatory effect").

In the present case, the evidence was properly admitted as probative of Defendant's motive to harm Victim and his consciousness of guilt.  Given the strong probative value of the evidence for these other purposes, the admission of the evidence was not illogical, untenable, or contrary to the facts and circumstances of this case.  *Otto*, 2007-NMSC-012, ¶ 9 ( setting out the basis for an abuse of discretion analysis when prior bad acts evidence must be weighed against the prejudice to a defendant under Rule 11-404(B)).  Therefore, any prejudice suffered by Defendant was substantially outweighed by the significant probative value of this evidence, and the district court did not abuse its discretion in admitting this prior bad acts evidence.

**Jury Instructions**

We next address Defendant's argument that the failure to instruct the jury

pursuant to UJI 14-141 automatically requires reversal because the use note for this instruction provides that it must be given. Defendant asserts that he is entitled to a new trial on the charges for which no instruction on intent was otherwise provided. Defendant asks this Court to review this claim de novo, arguing that the district court's failure to submit UJI 14-141 was jurisdictional error.

In the instant case, the statutory elements for the crimes of kidnapping, attempted murder, and aggravated fleeing all require specific proof of intent. *See* NMSA 1978, § 30-4-1(A) (2003) (kidnapping); § 30-28-1 (1963) (attempted murder); § 30-22-1.1(A) (2003) (aggravated fleeing). However, the State concedes that the remaining charges, criminal damage to property and unlawful taking of a motor vehicle, are general intent crimes. As such, we assume without deciding that Defendant would have been entitled to a UJI 14-141 instruction for the two general intent crimes if he had requested it. *See* UJI 14-141 (Use Note) (excepting only crimes which specify the intent in the statute or instruction and crimes which require no criminal intent from the mandatory use of the instruction). However, Defendant did not tender the UJI 14-141 instruction or otherwise object to the district court's failure to submit this instruction to the jury. *See State v. Doe*, 100 N.M. 481, 483, 672 P.2d 654, 656 (1983) (holding that the failure to follow a use note stating that a UJI instruction for general criminal intent must be given to the jury is not automatic

9

grounds for reversal absent a defendant's request or objection during trial); *State v. Gee*, 2004-NMCA-042, ¶ 19, 135 N.M. 408, 89 P.3d 80 ("[A] failure to follow a use note does not require automatic reversal, and would require preservation for review on appeal."). As such, we will not reverse for jurisdictional error but will only review for fundamental error. *Doe*, 100 N.M. at 483-84, 672 P.2d at 656-57; *Gee*, 2004-NMCA-042, ¶¶ 8, 19.

The doctrine of fundamental error is applied under exceptional circumstances and only to prevent a miscarriage of justice. *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. We will reverse for fundamental error when the foundation or basis of a defendant's case or an essential right in a defense is affected. *State v. Cunningham*, 2000-NMSC-009, ¶ 13, 128 N.M. 711, 998 P.2d 176. "When reviewing jury instructions for fundamental error, we apply the fundamental error standard of review to the same inquiry we perform for review for reversible error—whether the instruction or instructions would confuse or misdirect a reasonable juror due to contradiction, ambiguity, omission, or misstatement." *Gee*, 2004-NMCA-042, ¶ 8.

The relevant facts are not in dispute. The State presented evidence sufficient to establish the essential elements of each crime, including the intent of the perpetrator. Defendant conceded at trial that the crimes occurred and at no point did

10

he argue that the perpetrator lacked the requisite criminal intent at the time of their commission. Instead, Defendant asserted a mistaken identity defense and argued that he was not the person who committed the crimes. As such, the disputed issue at trial was the identity of the perpetrator, not whether the crimes in fact occurred. Even though the jury was not provided with UJI 14-141, the jury's verdict against Defendant necessarily included a finding that Defendant possessed the requisite mental state because that element was not disputed in this case. *See State v. Lopez*, 1996-NMSC-036, ¶ 24, 122 N.M. 63, 920 P.2d 1017 (finding the failure to include an essential element in an instruction for a crime did not constitute fundamental error where the element that was omitted from the instruction was not at issue).

We conclude that the instructions, as a whole, were sufficient to allow the jury to find that every element of the crimes occurred and address the defense of whether Defendant was in fact the perpetrator. As such, in the absence of an objection from Defendant regarding an undisputed issue dealing with the two general intent crimes, we find no error in the district court's failure to submit UJI 14-141 to the jury. *See Doe*, 100 N.M. at 484, 672 P.2d at 657 (holding that "a defendant cannot sit back and insert error into a trial by his or her inaction and receive an automatic reversal when the crime has been fairly instructed on").

**Sentencing**

11

We now address Defendant's argument that the district court committed fundamental error when it failed to instruct the jury on the various elements of first-degree kidnapping under UJI 14-1680, but proceeded to sentence Defendant to the penalty imposed for first-degree kidnapping. We find no error.

"The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. We must also determine whether a reasonable juror would have been confused or misled by the instruction. *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. "Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *Cunningham*, 2000-NMSC-009, ¶ 13 (internal quotation marks and citation omitted). Sentencing by the district court is reviewed for abuse of discretion. *State v. Bonilla*, 2000-NMSC-037, ¶ 6, 130 N.M. 1, 15 P.3d 491.

Initially, we address the district court's failure to instruct the jury regarding every element of first degree kidnapping pursuant to UJI 14-6018. Generally, "a failure to include an essential element in the elements section of an instruction is not fundamental error if other instructions given to the jury adequately address the excluded element." *State v. Swick*, 2012-NMSC-018, ¶ 53, 279 P.3d 747 (citations

omitted). During trial, the district court alerted the parties to a proposed amendment to UJI 14-6018 and its relationship to the standard kidnapping instruction under UJI 14-403 NMRA. The district court had prepared proposed instructions that included a special verdict form (the district court's proposed instruction) because it was concerned about the various elements of kidnapping and the need for a unanimous verdict regarding all the elements. The State indicated that UJI 14-6018 included elements not in the first-degree kidnapping statute and only operated to lower a kidnapping to second-degree kidnapping if those particular findings were made. It claimed that the UJI 14-6018 instruction was only required where an issue existed as to whether the elements of second-degree kidnapping were applicable. Defendant responded that he did not "see the use or need for [the special verdict form] but that would be [the State's] decision" because there was not a dispute regarding "what the basic facts were" dealing with the injuries in this case. At the end of the jury instruction discussion, the State and Defendant's counsel both agreed that a special verdict form would not be used regarding the issues set forth in the district court's proposed instruction. *See Lopez*, 1996-NMSC-036, ¶ 24 (dealing with whether an element that was omitted from the instructions was at issue).

Defendant made a strategic decision to exclude the UJI 14-6018 questions set forth in the district court's proposed instruction. It was undisputed that two of the

13

required elements for first-degree kidnapping were established by the facts and were not contested issues at trial. We will not allow Defendant to second-guess his decision to remove this factual issue from the jury's consideration and then claim error after the verdict is rendered. *See State v. Watchman*, 2005-NMCA-125, ¶ 13, 138 N.M. 488, 122 P.3d 855 ("To allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice." (alteration, internal quotation marks, and citation omitted)).

"[F]undamental error has no application where [the d]efendant, by [his] own actions, invites the error." *Id.* Because Defendant specifically agreed to exclude from the jury's consideration the UJI 14-6018 questions set forth in the district court's proposed instruction and did not dispute the factual elements presented to establish first-degree kidnapping, we will not address his fundamental error arguments any further. *Cunningham*, 2000-NMSC-009, ¶ 13 (limiting reversal for fundamental error to situations where "guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand" (internal quotation marks and citation omitted)).

**Remaining Claims of Error**

Defendant raises several claims of error pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) (advising appellate counsel to advance a defendant's arguments even if their merits are questionable) and *State v. Boyer*, 103

14

N.M. 655, 659, 712 P.2d 1, 5 (Ct. App. 1985) (recognizing that an attorney should present a client's contentions even if counsel has no faith in them). Defendant claims that it was error for the district court to deny his motion for change of venue, raises several challenges to the jury panel, and to evidentiary rulings made by the district court during trial. We have considered Defendant's arguments and determine that they are not supported by the record in this case or would be contrary to established precedent.

Defendant challenged the district court's denial of his request for a change in venue. However, Defendant failed to supplement his written motion with the affidavit required by NMSA 1978, § 38-3-3(B) (2003). Instead, he stated that he would reserve the change of venue motion until after voir dire. Following voir dire, Defendant orally requested a change of venue, arguing only that the selected jurors did not represent a broad-based selection of Defendant's peers. The district court inquired whether Defendant's oral motion was directed at the issue of racial balance and Defendant responded that it did. No other argument was made regarding the ability of the jury to render a fair and impartial determination in this particular case. The district court denied Defendant's oral motion for change of venue and stated that Defendant failed to make any arguments regarding the manner in which jury excusals were used or the racial balance of the entire jury pool. Because there is no indication that Defendant

preserved his arguments regarding any alleged deprivation of his right to a fair and impartial jury in this particular venue, we find no error in the district court's ruling. *See State v. Riley*, 2010-NMSC-005, ¶¶ 24-25, 147 N.M. 557, 226 P.3d 656 (recognizing that review by an appellate court must be predicated upon a timely objection by a defendant that alerts the trial court to the claimed error); *see also State v. Pacheco*, 2007-NMSC-009, ¶ 10, 141 N.M. 340, 155 P.3d 745 (concluding that the defendant waived his right to argue his fundamental right to a trial by a fair and impartial jury by "failing to timely invoke the ruling of the trial court"). A change of venue based upon other potential factors was not sufficiently developed in the record below.

Defendant also challenged several members of the jury from serving on the jury panel in this case. Defense counsel objected to these jurors on due process grounds. However, defense counsel declined to challenge the jurors for cause and questioned whether he might be able to use a peremptory challenge. The district court found that there was no due process violation because Defendant was given ample opportunity during voir dire to question the jury about familial relationships and there was no reason to excuse the juror for cause. Because Defendant failed to develop any recognized basis regarding how any member of the jury panel could not serve fairly and impartially, we conclude that the matters about which Defendant complains were

not prejudicial. *See generally State v. Vasquez*, 2010-NMCA-041, ¶ 38, 148 N.M. 202, 232 P.3d 438 (holding that where the defendant did not identify any individual selected to serve on the jury who indicated an inability to be impartial, the defendant failed to demonstrate actual prejudice).

Defendant also argues that he received ineffective assistance of counsel because of defense counsel's failure to effectively raise Defendant's objections to the jury selection process. "For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. "Counsel is presumed competent." *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127. "On appeal, we will not second guess the trial strategy and tactics of the defense counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted). Again, Defendant has not developed or articulated any error made by his counsel in the jury selection process. Defendant's claims of ineffectiveness during the jury selection process also implicate counsel's strategy and overlap into the realm of legitimate trial tactics. Based on these factors and the lack of a record to address these issues, we conclude that Defendant has not established a prima facie case of ineffective assistance of counsel on direct appeal.

Defendant also challenged the district court's rulings to admit Defendant's jailhouse statements and witness testimony regarding blood found on Victim's porch and in her car. As Defendant's appellate brief has not demonstrated that the introduction of this evidence prejudiced him, we hold that any error was harmless. *See* Rule 5-113(A) NMRA ("Error in either the admission or the exclusion of evidence and error or defect in any ruling, order, act or omission by the court or by any of the parties is not grounds for granting a new trial or for setting aside a verdict, for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take any such action appears to the court inconsistent with substantial justice.").

Finally, Defendant claims that there was insufficient evidence to support his convictions. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Cunningham*, 2000-NMSC-009, ¶ 26. In this case, Defendant did not deny the incident, but relied on his mistaken identity theory as a defense. Defendant has failed to identify any defect and articulate how any element of a particular crime was not established by the actual evidence submitted. The jury was free to reject his version of events. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). As such, the evidence was sufficient to support Defendant's convictions.

**CONCLUSION**

For the foregoing reasons, we affirm the verdict reached by the jury in this case and the sentence imposed by the district court.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**